**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MIGUEL ANGEL PEREZ-JIMENEZ,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,<br><br>Respondent. | ) ) ) ) ) ) ) ) ) ) | No. 2:26-cv-03323-SHL-tmp |

**ORDER GRANTING PETITION**

On October 6, 2026, Petitioner Miguel Angel Perez-Jimenez filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 2.) He challenges "the legality and constitutionality of [his] present physical detention" and his "continued detention without individualized justification." (Id. at PageID 7; ECF No. 2-2 at PageID 57.) He seeks immediate release from Respondent's custody, or, alternatively, an individualized bond hearing before a neutral decisionmaker. (ECF No. 2-2 at PageID 71.) Respondent responded on October 14. (ECF No. 7.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (Id. at PageID 83.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Perez-Jimenez, a citizen of Venezuela, has resided in the U.S. since his entry through the southern border on an unknown date. (ECF No. 2-2 at PageID 61.) Petitioner represents that he has been a productive member of his community since entering the United States. (Id. at PageID

62.) He remains at the West Tennessee Detention Facility. (ECF No. 7 at PageID 84.) He seeks immediate release from Respondent's custody. (ECF No. 2-2 at PageID 71.)

## ANALYSIS

Respondent concedes that Lopez-Campos governs this matter. (ECF No. 7 at PageID 83.) Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (Id. at PageID 84.) Specifically, according to Respondent, Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court. (Id. at PageID 85–86.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) (quoting Cardona v. Ladwig, No. 25-cv-01451, 2025 WL 3722009, at *7) (reasoning that "because Petitioner's rights to a bond hearing under §1226(a)" were denied, a bond hearing after the fact "'would not and cannot cure that constitutional violation,'" and while Petitioner's release today cannot cure his prior loss of liberty, "'this remedy, relative

to the procedural one of ordering a bond hearing, is the one that comes closest to doing so.'") (quoting Yao v. Almodovar, No. 25 CIV. 9982, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025.)).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody. Further, Respondent is **ORDERED** to ensure that Petitioner is released with his personal belongings, including all documentation he had in his possession when taken into custody. Finally, Respondent is **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 14th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE